**LightGabler LLP**
Glenn J. Dickinson (SBN 159753)
760 Paseo Camarillo, Suite 300
Camarillo, CA 93010
(805) 248-7208
(805) 248-7209 (fax)
gdickinson@lightgablerlaw.com

Attorneys for Defendants
Bart Hall & Associates LLC and
Frederick Bartlett Hall aka Bart Hall

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JON Q. WRIGHT and JQ LICENSING LLC,<br><br>Plaintiffs,<br><br>vs.<br><br>BART HALL & ASSOCIATES LLC and BART HALL,<br><br>Defendants. | Case No. CV 24-4931-GW-RAOx<br><br>**NOTICE OF MOTION AND MOTION OF LIGHTGABLER LLP AND GLENN J. DICKINSON TO WITHDRAW AS COUNSEL OF RECORD FOR DEFENDANTS; MEMORANDUM OF POINTS AND AUTHORITIES; DECLARATION OF GLENN J. DICKINSON AND STATEMENT OF COMPLIANCE WITH LOCAL RULE 7.3**<br><br>Action Filed:   June 13, 2024<br>District Judge: Hon. George H Wu<br>Mag. Judge:   Hon. Rozella A. Oliver |

**TO ALL PARTIES AND TO THEIR ATTORNEYS OF RECORDS:**

**NOTICE IS HEREBY GIVEN** that on November 17, 2025 at 8:30 a.m. in Department 9D of this above captioned court, or as soon thereafter as counsel may be heard, LightGabler LLP and Glenn J. Dickinson respectfully move this Court for an order allowing their withdrawal as counsel for

Defendants Bart Hall & Associates LLC and Frederick Bartlett Hall aka Bart Hall.

    This Motion is brought pursuant to Local Rule 83-2.3.2. This motion is based on the following Memorandum of Points and Authorities, the Declaration of Glenn J. Dickinson, the current record, arguments of counsel and all other matters which this Court may take judicial notice.

Dated: October 7, 2025        **LightGabler LLP**

By: /s/ Glenn J. Dickinson
Glenn J. Dickinson
Attorneys for Defendants
Bart Hall & Associates LLC
and Frederick Bartlett Hall

# MEMORANDUM OF POINTS AND AUTHORITIES

## I.  STATEMENT OF FACTS

Glenn J. Dickinson ("Dickinson") and his firm, LightGabler LLP ("LightGabler"), seek to withdraw as counsel for Defendants Bart Hall & Associates LLC ("the LLC") and Frederick Bartlett Hall aka Bart Hall ("Hall") in this matter. The defendants support this motion.

Hall is the managing member of the LLC. Declaration of Frederick Bartlett Hall ("Hall Declaration"), ¶ 1. The LLC has no assets and no operations, nor are any planned for the future. *Id.* ¶ 4. Hall likewise has no significant assets, except for household goods. He has no savings and does not own a vehicle. He and his wife live in a rented apartment. Their only source of income is Social Security payments. *Id.* ¶ 5. Neither defendant has the means to defend the action or to satisfy the judgment. *Id.* ¶ 6.

Hall supports the present motion, on behalf of himself and the LLC. *Id.* ¶ 2. Dickinson and LightGabler previously represented Hall in another matter, *Fred Hall Shows, Inc. v. Frederick Bartlett Hall, et al.*, Case No. 8:21-cv-00417-JVS-KES (C.D. Cal. filed March 4, 2021), for a deeply discounted fee. The defendants do not wish to burden Dickinson or the Court with the present litigation, which will result in no recovery by the plaintiff, no matter the outcome. *Id.* ¶ 3.

Defense counsel has an engagement agreement with Hall that requires the payment of fees and costs at the firm's regular hourly rates. Declaration of Glenn J. Dickinson ("Dickinson Declaration"), ¶ 4. The firm has not been paid in this litigation and has no reasonable prospect of being paid for any future work. *Id.*

The defendants attempted to reach a negotiated settlement with the plaintiff that would have been within the defendants' very limited means. Dickinson Declaration, ¶ 5. However, the plaintiff rebuffed these efforts,

evidently believing that the defendants were not being truthful about their financial situation. *Id.* The plaintiff has no prospect of recovering money damages in this matter, because of the defendants' financial condition. *Id.* ¶ 6. There is no need for injunctive relief, because the defendants do not intend to put on any future shows or otherwise conduct operations that would provide the occasion for the use of the plaintiff's alleged intellectual property. *Id.*

This action is manifestly a waste of time for the parties, counsel, and the Court.

## II.   LEGAL STANDARD

The Court's Local Rules authorize an attorney to withdraw as counsel of record if: (1) written notice has been given reasonably in advance to the client and all other parties in the action; and (2) the attorney obtains leave of Court. Civ. L.R. 83-2.3.2; *Darby v. City of Torrance*, 810 F.Supp. 275, 276 (C.D. Cal. 1992).

In this District, the withdrawal of counsel is governed by the standards of professional conduct required of members of the State Bar of California. Civ. L.R. 11-4(a)(1); *Nehad v. Mukasey*, 535 F.3d 962, 970 (9th Cir. 2008) (applying California Rules of Professional Conduct to attorney withdrawal).

California Rule of Professional Conduct 3–700(C)(1)(f) provides that an attorney may request permission to withdraw if the client breaches an agreement or obligation as to expenses or fees. California Rule of Professional Conduct 3-700(C)(1)(d) further allows withdrawal if "other conduct renders it unreasonably difficult for [counsel] to carry out the employment effectively."

Before counsel can withdraw, counsel must comply with California Rule of Professional Conduct 3-700(A)(2), which provides that counsel shall not withdraw from employment until the member has taken reasonable steps

to avoid reasonably foreseeable prejudice to the rights of the client, including giving due notice to the client, allowing time for employment of other counsel. *El Hage v. U.S. Sec. Assocs., Inc.*, 2007 WL 4328809, at *1 (N.D. Cal. 2007).

The decision to permit counsel to withdraw is within the sound discretion of the trial court. *United States v. Carter*, 560 F.3d 1107, 1113 (9th Cir. 2009).

Courts consider several factors when considering a motion for withdrawal, including: (1) the reasons counsel seeks to withdraw; (2) the possible prejudice that withdrawal may cause to other litigants; (3) the harm that withdrawal might cause to the administration of justice; and (4) the extent to which withdrawal will delay resolution of the case. *CE Resource, Inc. v. Magellan Group, LLC*, 2009 WL 3367489, at *2 (E.D. Cal. 2009).

Here, the defendants' complete inability to fund their defense renders their continued representation by Dickinson and LightGabler unreasonably difficult within the meaning of California Rule of Professional Conduct 3–700(C)(1)(d). The defendants' inability to pay further constitutes a breach of the defendants' agreement as to the payment of fees and expenses. *Id.* Rule 3–700(C)(1)(f)).

Withdrawal of Dickinson is not likely to cause prejudice to any other litigants, delay resolution of this case, or otherwise impact the administration of justice. If the plaintiff insists on taking this case through a trial on the merits, it may readily do so, on a default basis or otherwise.

As of the date of this filing, there are no proceedings pending before this Court.

### III. CONCLUSION

This Court should exercise its discretion and permit the withdrawal of Dickinson and LightGabler as counsel for the defendants inasmuch as the

withdrawal is forced by the plaintiff's refusal to agree on reasonable settlement terms, and because there will be no prejudice to the plaintiff or the administration of justice as a result.

Dated: October 7, 2025        **LightGabler LLP**

                                         By: /s/ Glenn J. Dickinson
                                               Glenn J. Dickinson
                                               Attorneys for Defendants
                                               Bart Hall & Associates LLC
                                               and Frederick Bartlett Hall

# DECLARATION OF GLENN J. DICKINSON,
# AND STATEMENT OF COMPLIANCE WITH LOCAL RULE 7.3

I, Glenn J. Dickinson, declare:

1.  I am an attorney licensed to practice law in the State of California, and I am of counsel to the law firm of LightGabler, and currently listed as counsel of record for Defendants Bart Hall & Associates LLC ("the LLC") and Frederick Bartlett Hall aka Bart Hall ("Hall"). I make this declaration based upon my personal knowledge, or I am informed and believe that the matters stated herein are true.

2.  In compliance with Local Rule 7.3, I discussed the substance of the present motion and any potential resolution with Dmitry Lapin, counsel for the plaintiff, by telephone on September 18, 2025. Mr. Lapin takes the position that the plaintiff opposes the present motion.

3.  I previously represented the action *Fred Hall Shows, Inc. v. Frederick Bartlett Hall, et al.*, Case No. 8:21-cv-00417-JVS-KES (C.D. Cal. filed March 4, 2021), in which my firm and I discounted their fees by more than 80 percent.

4.  While my firm has an engagement agreement with Hall that requires the payment of fees and costs at our regular hourly rates, my firm has not been paid in this litigation and has no reasonable prospect of being paid for any future work.

5.  Since the filing of this action, I have had multiple settlement communications with plaintiff's counsel, and I have tried to impress upon them the futility and mootness of these claims. Plaintiff's counsel has rebuffed all these efforts.

6.  The plaintiff has no prospect of recovering money damages in this matter, because of the defendants' financial condition. There is no need for injunctive relief, because the defendants do not intend to put on any

future shows or otherwise conduct operations that would provide the occasion for the use of the plaintiff's alleged intellectual property.

7. I have given written notice to the defendant LLC of its inability to appear pro se and of the consequences thereof, in compliance with Local Rule 83-2.3.4.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Dated: October 7, 2025              /s/ Glenn J. Dickinson
                                    Glenn J. Dickinson