Dmitry Lapin, Esq., *pro hac vice*
dmitry@axenfeldlaw.com
Axenfeld Law Group, LLC
2001 Market Street Suite 2500
Philadelphia, PA 19103
917-979-4570

SHAUN KHOJAYAN (#197690)
LAW OFFICES OF SHAUN KHOJAYAN
& ASSOCIATES, P.L.C.
515 S. Flower Street, 19th Floor
Los Angeles, CA 90071
Tel.: (310) 274-6111
Fax: (310) 274-6211
Email: shaun@khojayan.com

*Attorneys for Plaintiffs Jon Q. Wright, and JQ Licensing, LLC*

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| Jon Q. Wright & JQ Licensing LLC<br><br>Plaintiff,<br><br>vs.<br><br>Bart Hall & Associates, LLC and Bart Hall, individually.<br><br>Defendant. | Case No.: 24-cv-4931<br><br>**PLAINTIFFS' CORRECTED MEMORANDUM OF LAW IN OPPOSITION TO THE MOTION WITHDRAW**<br><br>Hon. George H. Wu<br>Hearing: November 17, 2025 at 8:30am<br>Courtroom 9D |

1

**PLAINTIFFS' CORRECTED MEMORANDUM OF LAW IN
OPPOSITION TO THE MOTION TO WITHDRAW**

# INTRODUCTION

Plaintiffs respectfully oppose Defendants' Motion to Withdraw because it is a transparent attempt to evade discovery obligations, delay this litigation, and frustrate the orderly administration of justice. Defense counsel has known since March that his clients were unwilling or unable to pay, yet waited until after Plaintiffs served written discovery, the response deadline passed, and a Rule 37 conference was requested before seeking leave to withdraw. The motion's belated filing—months after counsel first threatened withdrawal and after this Court extended the discovery schedule to ensure Plaintiffs could obtain the discovery wrongfully withheld—reveals that the request is not driven by ethics or necessity, but by strategy. Allowing withdrawal now would nullify the Court's prior order, reward noncompliance, and prejudice Plaintiffs

# BACKGROUND

This action was filed on June 13, 2024, asserting claims for copyright infringement and related relief against Defendants Bart Hall & Associates LLC and Frederick Bartlett Hall. On January 22, 2025, the Court entered its Scheduling Order establishing an August 22, 2025 discovery cutoff.

For several months thereafter, the parties jointly agreed to defer discovery while an insurance coverage determination was pending regarding Plaintiffs' claims. After the insurer issued a denial on March 19, 2025, Plaintiffs made a

written settlement demand on March 25, 2025. See <u>Declaration of Dmitry Lapin, Esq.</u> (the "<u>Lapin Decl.</u>") ¶5. Two days later, on March 27, defense counsel responded that settlement was not possible because his clients were insolvent, that Bart Hall & Associates would be filing for bankruptcy "within one to two months," and that Mr. Hall was "judgment proof" and "not concerned about having a judgment entered against him." *Id.* Relying on those representations, Plaintiffs reasonably refrained from serving discovery while awaiting the anticipated bankruptcy petition and possible automatic stay. No such filing ever occurred.

On July 10, 2025, Plaintiffs requested Defendants' consent to an extension of the case schedule to permit completion of discovery once it became clear that no bankruptcy had been filed. *Id.,* 8. That same day, defense counsel stated that he intended to move to withdraw and would take no position on the extension request. *Id.,* On July 29, 2025, the Court granted Plaintiffs' motion, extending all discovery and pretrial deadlines by ninety days, with fact discovery closing on November 20, 2025. See, ECF Nos. 32 & 33. Plaintiffs then served interrogatories and requests for production of documents on August 12, 2025. *Id.,* ¶9. Defendants failed to respond by the applicable deadlines, and Plaintiffs requested a Rule 37 meet-and-confer. *Id.,* ¶10. On September 13, 2025, and rather than participate in that process or cure the default, defense counsel responded to Plaintiffs' meet-and-confer request regarding the outstanding discovery by instead initiating a Local

3
**PLAINTIFFS' CORRECTED MEMORANDUM OF LAW IN
OPPOSITION TO THE MOTION TO WITHDRAW**

Rule 7-3 conference to discuss his anticipated Motion to Withdraw. *Id.* The timing and circumstances of that motion demonstrate that withdrawal is not compelled by unforeseen hardship, but rather follows months of delay, unfulfilled representations, and disregard of discovery obligations that have already prejudiced Plaintiffs and disrupted the orderly progression of this case.

## LEGAL STANDARD

"The motion for leave to withdraw must be supported by good cause." C.D. Cal. L.R. 83-2.3.2. In determining whether to grant a motion to withdraw, courts regularly consider four factors: "(1) the reasons why withdrawal is sought; (2) the prejudice withdrawal may cause to other litigants; (3) the harm withdrawal might cause to the administration of justice; and (4) the degree to which withdrawal will delay the resolution of the case." *Oasis Tarzana, LLC v. Premera Blue Cross of Alaska*, No. 2:24-cv-05847-CV (ASx), 2025 U.S. Dist. LEXIS 142288, at *3-4 (C.D. Cal. July 7, 2025) (internal citations and quotations omitted). "Failure of the client to pay agreed compensation is not necessarily sufficient to establish good cause." C.D. Cal. L.R. 83-2.3.2. Courts have recognized that nonpayment **combined with other circumstances**—such as a complete breakdown in communication, client misconduct, or an irreconcilable conflict—may justify withdrawal. *Oasis Tarzana, LLC* 2025 U.S. Dist. LEXIS 142288, at *4 (internal citations and Quotation omitted. In the absence of such additional factors,

4
**PLAINTIFFS' CORRECTED MEMORANDUM OF LAW IN
OPPOSITION TO THE MOTION TO WITHDRAW**

however, a routine fee dispute or inability to pay does not, by itself, satisfy the standard for withdrawal.

## ARGUMENT

I. Defendants' Financial Hardship and Disinterest in Defending Do Not Constitute Good Cause for Withdrawal.

The only reasons advanced in support of counsel's withdrawal are Defendants' alleged inability to pay legal fees and their professed lack of interest in defending this action. See *Motion to Withdraw* at 3–4; *Dickinson Decl.* ¶¶ 4–6; *Hall Decl.* ¶¶ 3–6. Neither rationale satisfies the good-cause standard under Local Rule 83-2.3.2 or the California Rules of Professional Conduct. The rule expressly provides that "[f]ailure of the client to pay agreed compensation is not necessarily sufficient to establish good cause." C.D. Cal. L.R. 83-2.3.2. Courts interpreting this rule have consistently held that nonpayment alone, without other extenuating circumstances such as a breakdown in communication, conflict of interest, or client misconduct, does not justify withdrawal. See *Darby v. City of Torrance*, 810 F. Supp. 275, 276 (C.D. Cal. 1992); *CE Resource, Inc. v. Magellan Group, LLC*, 2009 WL 3367489, at *2 (E.D. Cal. Oct. 14, 2009).

Here, counsel identifies no such additional factors. To the contrary, the record confirms that Defendants and their counsel remain aligned in strategy and intent. Mr. Hall expressly states that he "does not wish to burden Dickinson or the

5

**PLAINTIFFS' CORRECTED MEMORANDUM OF LAW IN OPPOSITION TO THE MOTION TO WITHDRAW**

Court with the present litigation," and that "this action is manifestly a waste of time for the parties, counsel, and the Court." (*Hall Decl.* ¶ 3.) Counsel echoes this sentiment, asserting that "there is no need for injunctive relief" and that Plaintiffs' claims are "futile" given Defendants' financial condition. (*Mot.* at 4–5; *Dickinson Decl.* ¶¶ 5–6.) These statements do not evidence an irreconcilable breakdown or conflict—they simply reflect Defendants' voluntary decision not to defend and counsel's agreement with that position. Such concerted disinterest in litigating cannot constitute good cause for withdrawal; if accepted, it would allow any insolvent or indifferent party to unilaterally dissolve the adversarial process and leave the opposing party unable to complete discovery or obtain relief.

      The governing standards require more. A litigant's preference not to participate in litigation cannot serve as a substitute for good cause—particularly where, as here, counsel's withdrawal would halt discovery, risk default by the corporate defendant, and prejudice Plaintiffs' ability to prosecute their claims.

      II.    <u>Defendants' Conduct Has Already Caused Significant Delay and Prejudice, and Granting Withdrawal Would Deepen That Prejudice.</u>

      Defendants' repeated delays and refusal to participate in discovery have already prejudiced Plaintiffs, and allowing counsel to withdraw at this stage would only amplify that harm. Defendants have engaged in a pattern of avoidance that has obstructed progress and wasted judicial resources. After the Court issued its

6

**PLAINTIFFS' CORRECTED MEMORANDUM OF LAW IN OPPOSITION TO THE MOTION TO WITHDRAW**

January 22, 2025, Scheduling Order, Defendants represented that a bankruptcy filing was imminent and that they were "judgment proof." Based on those assurances, Plaintiffs reasonably deferred discovery to avoid unnecessary expense and to allow for potential administration of their claims in bankruptcy. When no petition materialized, Plaintiffs sought an extension of the discovery schedule to compensate for that delay—a request the Court granted.

Even after receiving that accommodation, Defendants continued to impede the orderly progression of this case. Plaintiffs served written discovery on August 12, 2025, yet Defendants failed to respond by the deadline. Instead of participating in the Rule 37 meet-and-confer process or curing the default, on September 12, 2025, defense counsel requested a Local Rule 7-3 conference regarding his anticipated motion to withdraw. When counsel conferred on September 18, 2025, Mr. Dickinson stated that he was not prepared to discuss the discovery issues. See, Lapin Decl. ¶11. That choice diverted the parties' and the Court's attention away from resolving discovery and toward an unnecessary procedural dispute.

The prejudice here is neither hypothetical nor speculative—it is ongoing, measurable, and the direct result of Defendants' conduct. Plaintiffs have already lost months of discovery time due to Defendants' misrepresentations regarding an allegedly imminent bankruptcy petition, their refusal to participate in discovery, and counsel's decision to pursue withdrawal instead of compliance. Plaintiffs now

7

**PLAINTIFFS' CORRECTED MEMORANDUM OF LAW IN OPPOSITION TO THE MOTION TO WITHDRAW**

stand at the midpoint of the extended discovery period without having received a single document through formal discovery or a single interrogatory response. This is not a mere scheduling inconvenience; it materially impairs Plaintiffs' ability to prepare their case, identify necessary witnesses, and pursue any follow-up discovery within the remaining window.

Further delay—whether caused by the substitution of new counsel, the entry of default, or the need to re-serve discovery—would make adherence to the Court's current schedule virtually impossible and would reward Defendants' noncompliance at Plaintiffs' expense. The prejudice is therefore concrete, cumulative, and escalating with every week Defendants remain in default of their discovery obligations. Even as to Mr. Hall individually, withdrawal would introduce additional procedural complications, likely requiring new deadlines or extensions inconsistent with the Court's existing orders.

Moreover, granting withdrawal would create additional prejudice by leaving the corporate defendant, Bart Hall & Associates LLC, unrepresented in violation of Local Rule 83-2.3.4, necessitating default proceedings and further delay. Even as to Mr. Hall individually, withdrawal would invite more procedural complications, potentially requiring new deadlines or extensions inconsistent with the Court's existing orders. In short, Defendants have already squandered the time afforded by this Court's scheduling order through serial delay and noncooperation. Allowing

8
**PLAINTIFFS' CORRECTED MEMORANDUM OF LAW IN OPPOSITION TO THE MOTION TO WITHDRAW**

counsel to withdraw now would not remedy that prejudice—it would entrench it, forcing Plaintiffs to again bear the burden of Defendants' tactical inaction. For these reasons, the motion should be denied to prevent further delay and prejudice.

### III. Permitting Withdrawal at This Stage Would Undermine the Fair and Efficient Administration of Justice

Allowing withdrawal under these circumstances would frustrate the orderly administration of this case and burden both the Court and Plaintiffs. The Court's initial Scheduling Order was intended to ensure steady, efficient progress toward resolution. That framework has already been undermined by Defendants' repeated delays and disregard for their obligations—including false assurances of an "imminent" bankruptcy filing, complete nonparticipation in discovery, and months of inaction by Mr. Dickinson, who repeatedly stated that he intended to seek leave to withdraw but took no action for nearly six months. To permit withdrawal now—after such prolonged inaction and on the eve of critical discovery deadlines—would not remedy these disruptions; it would institutionalize them, further impeding the Court's management of the case and rewarding dilatory conduct.

District courts have an obligation to ensure the orderly administration of justice and impeding the progress of the case is contrary to that obligation. Here, granting the present motion would do precisely that. It would force the Court to address a cascade of procedural issues—including likely default proceedings and

9

**PLAINTIFFS' CORRECTED MEMORANDUM OF LAW IN OPPOSITION TO THE MOTION TO WITHDRAW**

new scheduling adjustments—rather than permitting discovery to proceed as planned. This would consume judicial resources and delay adjudication on the merits. Moreover, it would send the wrong signal to litigants—that parties may avoid their obligations and delay proceedings simply by invoking financial hardship or disinterest but not seeking relief for months while claiming that a bankruptcy petition will be filed.

       IV.    <u>Permitting Withdrawal Would Delay the Proceedings.</u>

Discovery has already been extended once to account for Defendants' prior representations and inactivity. Yet despite that accommodation, Defendants have not served a single discovery response, produced a single document, or made any effort to participate in case preparation. Allowing counsel to withdraw now—while those obligations remain unfulfilled—would not only freeze discovery but also trigger further procedural complications, including the likely need for additional motions, extensions, and orders to ensure compliance.

The risk of delay is particularly acute when a corporate defendant is involved, as it cannot appear pro se and proceedings will effectively be paused until substitute counsel appears. Given the age of the case and Defendants' prior conduct, the Court's interest in efficient docket management weighs heavily against further delay.

# CONCLUSION

For the foregoing reasons, Defendants have failed to establish good cause for withdrawal under Local Rule 83-2.3.2. The motion is untimely, strategically motivated, and unsupported by any genuine breakdown in communication, conflict of interest, or other circumstance that would justify relieving counsel of his obligations. Permitting withdrawal at this stage—after discovery defaults, repeated delays, and unfulfilled representations—would reward noncompliance, prejudice Plaintiffs, and subvert the Court's prior scheduling orders.

Allowing withdrawal now would not serve justice; it would frustrate it, leaving the corporate defendant unrepresented and ensuring further delay in a case that has already been needlessly prolonged. The equities, the procedural posture, and the interests of judicial economy all weigh decisively against withdrawal. Accordingly, Plaintiffs respectfully request that the Court deny Defendants' Motion to Withdraw.

Respectfully submitted,

Date:  November 3, 2025

/s/ Dmitry Lapin
Dmitry Lapin, Esq., *pro hac vice*
dmitry@axenfeldlaw.com
Axenfeld Law Group, LLC
2001 Market Street Suite 2500
Philadelphia, PA 19103
917-979-4570

SHAUN KHOJAYAN (#197690)

11

**PLAINTIFFS' CORRECTED MEMORANDUM OF LAW IN OPPOSITION TO THE MOTION TO WITHDRAW**

|   |   |
|---|---|
| 1 | |
| 2 | LAW OFFICES OF SHAUN KHOJAYAN |
| 3 | & ASSOCIATES, P.L.C. |
|   | 515 S. Flower Street, 19th Floor |
| 4 | Los Angeles, CA 90071 |
|   | Tel.: (310) 274-6111 |
| 5 | Fax: (310) 274-6211 |
| 6 | Email: shaun@khojayan.com |
| 7 | *Attorneys for Plaintiffs Jon Q. Wright,* |
| 8 | *and JQ Licensing, LLC* |

12

**PLAINTIFFS' CORRECTED MEMORANDUM OF LAW IN OPPOSITION TO THE MOTION TO WITHDRAW**